# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**ALEJANDRO FIGUEREDO,**

    **Plaintiff,**

**vs.**                                        **CASE NO. 4:04CV403-MMP/AK**

**JAMES V. CROSBY,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION

In an order dated June 7, 2005, Plaintiff was directed to file a motion for leave to proceed in forma pauperis or pay the filing fee by July 10, 2005.  (Doc. 2).  When no motion was filed and no fee was paid, the Court entered a show cause order directing Plaintiff to respond by August 19, 2005.  (Doc. 3).  Plaintiff was specifically warned that a recommendation would be made that this case be dismissed if there was a failure to comply with that order.  (Doc. 3).  To date, Plaintiff has failed to comply with that order or otherwise communicate with the Court regarding his lawsuit.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734

(1962). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order. Plaintiff has failed to comply with an order of this Court and has otherwise failed to prosecute his lawsuit. Consequently, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** at Gainesville, Florida, this 31st Day of August, 2005.

>  s/A Kornblum
>  **ALLAN KORNBLUM**
>  **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

No. 1:05cv61-MMP/AK